IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AARON T. FLETCHER,<br><br>　　　　Defendant. | Case No.　15-00182-CR-W-DW |

**MOTION OF THE UNITED STATES FOR
PRETRIAL DETENTION AND A HEARING PURSUANT
TO TITLE 18, UNITED STATES CODE, SECTION 3142(f)**

COMES NOW the United States of America, by Tammy Dickinson, United States Attorney, and David Luna, Assistant United States Attorney, both for the Western District of Missouri, and hereby moves the Court to hold a hearing pursuant to Title 18, United States Code, Section 3142(f), for the purpose of demonstrating that no condition or combination of conditions of release will reasonably assure the safety of other persons and the community if AARON T. FLETCHER (hereinafter defendant) is granted bond, nor will any conditions secure defendant's appearance, and therefore defendant should be detained.

On June 9, 2015, defendant was charged by way of indictment with use of interstate facility to entice a minor to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b), Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(a) and (e), and Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4).　The conduct which is the subject of the indictment occurred between February 1, 2015 and March 30, 2015.　The defendant's victim was a 16 year old female (hereinafter "Jane Doe").

Defendant was charged on March 31, 2015 with two counts of the Class C felony of statutory sodomy in the second degree in Ray County arising from the same course of conduct involving Jane Doe. Defendant has been in continuous custody in Ray County on those charges since March 31, 2015. It is anticipated that Ray County will dismiss the state's case against defendant in favor of federal prosecution.

The Government will present evidence during the detention hearing that defendant is an unsuitable candidate to be released on bond due to the conduct that gave rise to the charges contained in the indictment, his extensive criminal history, which includes crimes against minors, as well as his likelihood of flight.

## **SUPPORTING SUGGESTIONS**

Subsection 3142(f), Title 18, United States Code, provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure defendant's appearance and the safety of any other person in the community if the attorney for the Government moves for such a hearing and if the case is in any one of the following categories (emphasis added for the relevant provisions):

- A. The case involves a <u>crime</u> <u>of</u> <u>violence</u>, a term defined under Title 18, United States Code, Section 3156(4) to include:
  - (A) An offense that has as an element of the use, attempted use, or threatened use of physical force against the person or property of another;
  - (B) any other offense that is a <u>felony</u> and by its nature involves a substantial risk that physical force against the person or property of another <u>may</u> be used in the course of its commission; or
  - (C) **"any felony under chapter 109A, 110, and 117 [which includes 18 U.S.C. §§ 2421 through 2428] . . ."** (18 U.S.C. § 3142(f)(1)(A))

- B. The case involves an offense where **the maximum sentence is life imprisonment** or death (18 U.S.C. § 3142(f)(1)(B));

C. The case is a narcotics case under Title 21, United States Code, for which imprisonment for ten years or more is prescribed (18 U.S.C. § 3142(f)(1)(C));

D. Any felony, even a non-violent felony not involving drugs, if the person already has two or more convictions for a crime of violence, a crime punishable by life imprisonment, or a ten year drug felony (18 U.S.C. § 3142(f)(1)(D));

E. **A serious risk that the defendant will flee** (18 U.S.C. § 3142(f)(2)(A)); or

F. A serious risk that such a person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror (18 U.S.C. § 3142(f)(2)(B)).

One or more grounds for pretrial detention and a pretrial detention hearing as set forth by the statute exists in the above cause, to wit:

### A. The Defendant is Charged with a Crime of Violence

As stated above, defendant is charged with use of interstate facility to entice a minor to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b), which is contained in Chapter 117 of Title 18 and is punishable by up to life in prison. Defendant is also charged with Production of Child Pornography, in violation of 18 U.S.C. §§ 2251 (a) and (e), and Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4), both of which are contained in Chapter 110 of Title 18. For the purposes of detention, a "crime of violence" is defined under 18 U.S.C. § 3156(4)(C) as "any felony under chapter 109A, 110, or 117." The Government's evidence would show the following:

On Monday, March 30, 2015 at around 11:00 a.m. Richmond Missouri Police detectives were dispatched to Richmond High School in reference to a case of statutory rape. When they arrived they learned that the victim, Jane Doe, had been reported as a runaway by her mother the previous weekend. Jane Doe had arrived at school earlier that morning and when questioned about her whereabouts over the weekend stated that she had been staying at the local Super 8

Motel with an adult male. Jane Doe informed detectives that she had been sent a friend request by the adult male (later determined to be defendant) on Facebook in early February which she accepted and that the two had been messaging each other ever since. Doe stated defendant traveled to Richmond, Missouri to meet her on March 27 and the two stayed at the hotel until March 30 and had sex several times. Doe would later tell investigators that while at the hotel defendant used his cell phone to video record Doe performing oral sex on defendant. Detectives viewed text messages on Doe's phone and through further investigation determined the adult male's identity to be defendant Aaron Fletcher. Deputies with the Jackson County Sheriff's Department assisted in locating defendant. At around 1:15 p.m. that same day defendant was detained by Jackson County Sheriff's deputies when they found him at the Greyhound bus station in Kansas City on board a bus that was about to depart for Delaware.

Defendant was later interviewed by Richmond Police detectives and made admissions implicating himself in the offenses charged. Defendant stated that he had recently traveled by bus from his home in Wilmington, Delaware to Kansas City, Missouri and then took a taxi cab the rest of the way to Richmond, Missouri. Defendant acknowledged having sexual intercourse with Doe at least twice while he was in Missouri.

Jane Doe submitted to a sexual assault exam at Children's Mercy Hospital in Kansas City, Missouri. Findings of the anogenital exam of the victim indicated that she had acute injuries that were indicative of the sexual contact Doe alleged she had with defendant. Investigators searched the room at the Super 8 Motel where the victim states she and defendant had spent the weekend. Located in the room, among other evidence seized, was a bus ticket issued to "Aaron Fletcher."

An analysis of instant messages on defendant's and Doe's cell phones indicate defendant's sexual interest in Doe spanning the previous two months. In the messages defendant frequently

expresses his desire to have sexual contact with Doe and to eventually marry Doe. Additionally, instant messages allude to the defendant's planned trip from Delaware to Missouri to meet Doe for the purpose of having sexual contact with her. Analysis of defendant's cell phone also located a video recording and several photographs that appear to show Jane Doe performing oral sex on defendant. Cell phone data shows that the video and photographs were taken during the time that defendant was in Richmond, Missouri between March 27 and March 30, 2015.

### B. The Law Provides a Rebuttable Presumption That No Combination of Conditions Will Reasonably Assure The Safety Of The Community

Title 18, United States Code, Section 3142(e) provides that, when a judicial officer finds that there is probable cause to believe that defendant committed an offense involving a minor under the sections with which he has been charged, "Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure . . . the safety of the community." 18 U.S.C. § 3142(e)(3). Defendant is presently charged with offenses "involving a minor victim under sections…2251…and 2422…" 18 U.S.C. § 3142(e)(3)(E) (full citation withheld).

### C. The Defendant is a Danger to the Community

Defendant is a danger to the community which is demonstrated by his charged conduct as well as his lengthy history which includes convictions for prior sex offenses and offenses involving minors. The Government's evidence would show that defendant has been convicted of the following:

      1.     Failure to Register as a Sex Offender (10/2011, Sussex County, Delaware)

      2.     Forgery Second Degree (4/2010, Sussex County, Delaware)

3. Failure to Register as a Sex Offender (4/2008, Sussex County, Delaware)

4. Rape Fourth Degree – Sexual Intercourse with Victim less than 16 Years Old   (8/2000, Sussex County, Delaware)

5. Arson Second Degree (7/1998, Sussex County, Delaware)

6. Resisting Arrest (1/1998, Sussex County, Delaware)

7. Endangering the Welfare of a Child – Encourage, Aid, Abet, Conspire, Harbor Runaway (6/1997, Sussex County, Delaware)

8. Carrying a Concealed Dangerous Instrument (Juvenile found delinquent 5/1995, Sussex County Family Court, Delaware)

Defendant's continuing criminal conduct demonstrates his danger to the community in general and to minors in particular.

### D. The Defendant Is a Potential Flight Risk

Defendant is a potential flight risk because of his residence out of state and demonstrated willingness to travel to engage in criminal conduct, his lack of connections to this District, his awareness of the strength of the Government's case, and the extensive punishment awaiting him upon conviction.

Use of interstate facility to entice a minor to engage in illegal sexual activity as alleged in Count 1 of the indictment carries a statutory punishment of no less than 10 years and up to life imprisonment.  Production of Child Pornography as alleged in Count 2 carries a statutory punishment of no less than 15 years up to 30 years imprisonment.  Defendant's extensive criminal history increases the possible minimum sentences for these offenses considerably as well as the maximum recommended sentence under the sentencing Guidelines, therefore giving defendant more than sufficient motivation to flee from prosecution.

## **CONCLUSION**

The Government has charged defendant with offenses that constitute crimes of violence, and which establishes a rebuttable presumption in favor of detention. His potential criminal exposure makes defendant a flight risk, particularly in light of the transitory nature of this crime and his means of travel. Moreover, in light of his lengthy criminal history and continued criminal conduct, defendant should be considered a serious danger to the community.

WHEREFORE, the Government respectfully requests that this Honorable Court set a detention hearing to demonstrate that no condition or combination of conditions will reasonably assure the safety of the community or diminish defendant's risk of flight in the face of a strong case which will exact a lengthy prison sentence. The Government further requests that the Court thereafter detain defendant without bail.

Respectfully submitted,

Tammy Dickinson
United States Attorney

By  */s/ David Luna*

David Luna
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 E. 9th Street, Fifth Floor
Kansas City, Missouri 64106
Telephone: (816) 426-3122

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on the 22nd of June, 2015, to the CM-ECF system of the United States District Court for the Western District of Missouri, and a copy of the foregoing will be hand-delivered to the defendant at his next appearance before a judicial officer.

*/s/ David Luna*

David Luna
Assistant United States Attorney