**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Crim. No. 15-00182-01-CR-W-RK |
| **AARON T. FLETCHER,** | |
| Defendant. | |

**GOVERNMENT'S MOTION TO DISMISS WITHOUT PREJUDICE
DEFENDANT'S MOTION TO MODIFY SENTENCE**

The plaintiff, the United States of America, respectfully requests that this Court dismiss without prejudice for lack of jurisdiction defendant Aaron T. Fletcher's motion seeking to modify his sentence. (D.E. 51.) Fletcher contends that the sentence of supervised release was not proper under the law. Fletcher's contention that this Court has jurisdiction under 18 U.S.C. § 3582(c)(2) to modify his final sentence is erroneous. This Court should dismiss the motion for lack of jurisdiction.

**I. Background**

Fletcher used a cellular telephone to entice a minor to engage in illegal sexual activity.[1] Fletcher began communicating with a 16-year-old girl from Richmond, Missouri, in February 2015. The communications became sexual in nature. On March 27, 2015, Fletcher traveled by bus from his home in Delaware to Kansas City, Missouri, in the

---

[1] The factual discussion is summarized from the stipulated facts in the plea agreement without further citation.

Western District of Missouri. Fletcher then took a cab from Kansas City to Richmond. Fletcher rented a hotel room where he engaged in illegal sex acts with the girl over the course of several days, video recording the sexual activities on his cellular telephone. Fletcher was arrested by Jackson County Sheriff Deputies at the Greyhound bus station in Kansas City, awaiting the bus back to his home state.

On June 9, 2015, a grand jury in the Western District of Missouri indicted Fletcher for, among other things, using an interstate facility to entice a minor to engage in illegal sexual activity, Count One, in violation of 18 U.S.C. § 2422(b). (D.E. 1.) The indictment alleged the statutory range of punishment for the offense was 10 years' to life imprisonment, up to a $250,000 fine, and a supervised release term of five years' to life.

On July 20, 2016, Fletcher appeared before this Court and pleaded guilty to Count One pursuant to a written plea agreement with the Government. (D.E. 34-35.) Through the plea agreement, Fletcher made a factual basis for the guilty plea. (Plea Agrmt. 2-4.) Fletcher also agreed that the statutory range of punishment was 120 months' to life imprisonment, up to a $250,000 fine, and not less than five years' supervised release. (Plea Agrmt. 4.) The plea agreement was a binding plea under Fed. R. Crim. P. 11(c)(1)(C) that stipulated that the sentence to be imposed was 276 months' imprisonment followed by a supervised release term of not less than five years. (Plea Agrmt. 4-5, 8.)

On February 8, 2017, this Court sentenced Fletcher to 276 months' imprisonment and 10 years' supervised release. (D.E. 47-49.) Fletcher did not appeal. Fletcher is currently incarcerated at the Williamsburg Federal Correctional Institution in Salters, South Carolina, with a projected release date of April 11, 2035.

Fletcher has now filed a motion seeking that this Court vacate his sentence of supervised release. (D.E. 51.) Fletcher contends that the supervised release term was not charged in the indictment and not discussed in the plea agreement, and therefore that the term of supervised release is illegal and an improper amendment of the indictment. Fletcher asserts that this Court has jurisdiction to grant the motion under § 3582(c)(2).

## II. Suggestions in Opposition

The law proscribes that this Court may modify a final sentence only in certain circumstances. *See* 18 U.S.C. § 3582(c) ("The court *may not modify* a term of imprisonment once it has been imposed except that—" and listing those circumstances.) Those circumstances generally are: (1) upon a showing of extraordinary or compelling reasons, or when specified age criteria and sentence criteria are met, by a defendant, commonly referred to as a compassionate release motion; (2) when the Government files a motion to reduce a sentence for substantial assistance under Fed. R. Crim. P. 35; and (3) when the Sentencing Guidelines are changed and the change is made retroactive to final cases. 18 U.S.C. § 3582(c)(1)(A), (c)(1)(B), and (c)(2).

Fletcher does not point to any of those three limited circumstances in his motion. He simply asserts the sentence is illegal. Therefore this Court lacks jurisdiction to modify the sentence under § 3582(c), and the motion should be dismissed.[2]

---

[2]Fletcher's claim of an illegal sentence is the type of claim that could be raised in a habeas motion under 28 U.S.C. § 2255. However, such a motion must be presented within one year of the date the conviction is final. 28 U.S.C. § 2255(f)(1). Fletcher's motion as a § 2255 would be untimely. The claim is also contrary to the record and therefore frivolous. This Court also may not reclassify a motion as a habeas petition without express

### III. Conclusion

Accordingly, for all of the reasons and authorities previously outlined, the Government respectfully requests that this Court dismiss without prejudice for lack of jurisdiction Fletcher's request for a sentence modification under § 3582(c)(2). (D.E. 51.)

Respectfully submitted,

TIMOTHY A. GARRISON
United States Attorney

By  */s/ David Luna*

DAVID LUNA
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East 9th Street, Room 5510
Kansas City, Missouri  64106
Telephone:  (816) 426-3122

*Attorneys for Respondent*

---

permission. *Morales v. United States*, 304 F.3d 764, 765-66 (2002). This Court should simply dismiss Fletcher's motion.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on February 13, 2020, to the CM-ECF system of the U.S. District Court for the Western District of Missouri for electronic delivery to all counsel of record, and mailed to:

>Aaron T. Fletcher, *Pro Se*
>Reg. No. 27798-045
>FCI Williamsburg
>P.O. Box 340
>Salters, South Carolina  29590

>*/s/ David Luna*
>David Luna
>Assistant United States Attorney